# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VALENTE, | Case No.: 1:17-cv-00218 LJO JLT |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS |
| v. | |
| KELLER WILLIAMS LLP, | (Doc. 2) |
| Defendants. | |

In this action, the plaintiff alleges that he purchased a home in Tennessee in a housing developed named for the founder of the KKK. (Doc. 1 at 3) He sues many parties including his real estate broker who handled the purchase for him for, seemingly, failing to advise him of the significance of the namesake of the development. Id. at 2. Likewise, he seems to claim that the home he purchased had a racist "image" disguised in the "artwork of the home's fireplace mantle" and that the broker was aware of the image but failed to notify him of its existence before his purchase. Id. at 3.

Currently before Court is Plaintiff's request to seal his "personal information, plaintiff's ex-wife's personal information and plaintiff's family's personal information" and any such information, such as the address of his home in Tennessee, which would reveal his identity. (Doc. 2) He asserts that the founder of the KKK "is revered by a significant number of persons through out [sic] our country, some of whom doubtless reside in the Eastern District of California. In Kern county [sic] for instance, while not common, it is not unusual to see a Confederate battle flag on a vehicle or a home."

Id. at 1-2. He asserts also that the tortfeasors he identifies in his complaint "have demonstrated they are capable of extreme acts." Id. at 2. However, other than the acts alleged in the complaint, he fails to explain to what "extreme acts" he refers. Id.  The plaintiff reports also that he intends to introduce pictures of the founder of the KKK, Adolf Hitler and a swastika that he claims was hidden in his home as evidence in this case and that it is well known that some people "obsess about [these] figures." Id. Given this, he concludes that this lawsuit places him in danger and subjects him to hate based threats. Id.

Because the request fails to comply with Local Rule 141, which requires Plaintiff detail the legal authority supporting that the information should be shielded from public view or to offer any evidence—other than his mere speculation related to risk of danger—that sealing is appropriate in this case, the request is **DENIED**.

I.   **Legal Authority**

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c).  The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public.  EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003).  Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170.  In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

Notably, this Court's Local Rule 141 sets forth, procedurally, how a request to seal documents should proceed. The Rules requires a demonstration of the compelling need for the information to be shielded from public view. L.R. 141(b). As noted above, the request relies only on plaintiff's generalized fear and offers no substantive reason on which the Court may rely to conclude that personal identifiers should be sealed. Moreover, seemingly, the plaintiff predicts "extreme acts" by his broker, Bank of America, W.R. Starkey Mortgage LLP and the myriad of other named defendants without any showing whatsoever that this is likely to occur. Indeed, there is no suggestion of any legal authority to justify the defendants not knowing the identity of the party who sues them.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to seal is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 21, 2017**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE