# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VALENTE,<br><br>        Plaintiff,<br><br>v.<br><br>KEELER WILLIAMS REALTY, INC.,<br><br>        Defendant. | Case No.: 1:17-cv-00218 - LJO - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY (Doc. 4)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND (Doc.1) |

In this action, the plaintiff alleges that he purchased a home in Tennessee in a housing development named for the founder of the KKK. (Doc. 1 at 3) In addition, Plaintiff asserts the home has "hate based and obscene images of a criminal nature in the artwork of the home's fireplace mantle." (*Id.*) He asserts many entities, including the real estate broker who handled the purchase for him, are liable for civil rights violations, deceit, negligent misrepresentation, constructive fraud, negligence, loss of consortium, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*See id.* at 2-7) For the reasons set forth below, the complaint is dismissed with leave to amend.

## I.     Motion to Disqualify[1]

As an initial matter, Plaintiff requests that the assigned magistrate judge "be disqualified under 28 U.S.C.A § 455(a)." (Doc. 4 at 1)

---

[1] A motion under § 455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994).

1

**A.     Legal Standards**

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition, a magistrate judge "shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>> (ii) Is acting as a lawyer in the proceeding;
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

28 U.S.C.§ 455(b). Thus, "Section 455(a) covers circumstances that *appear* to create a conflict of interest, whether or not there is actual bias," while "Section covers situations in which an *actual* conflict of interest exists, even if there is no appearance of one." *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987) (emphasis in original, citations omitted).

The purpose of Section 455 is "to avoid even the appearance of partiality." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (citation omitted). Thus, the standard for disqualification "is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation marks, citations omitted). The "reasonable person" is a "well-informed, thoughtful observer" and not an individual who is "hypersensitive or unduly suspicious." *United States*

*v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotations omitted).

Furthermore, disqualification pursuant to 28 U.S.C. § 455 is required only if the alleged bias stems "from an extra-judicial source." *Toth v. Trans World Airlines, Inc.,* 862 F.2d 1381 (9th Cir. 1988). Thus, "conduct or rulings made during the course of the proceeding" alone will not support a motion to disqualify." *Id.*; *see also Liteky v. United States,* 510 U.S. 540, 553 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, because "they cannot possibly show reliance upon an extrajudicial source").

**B. Discussion and Analysis**

Plaintiff seeks recusal based upon the Court's prior order denying the motion to seal the action. (Doc. 4 at 2) Plaintiff disagrees with the order of the Court, asserting the persons who paced the artwork in the mantle of his home "were serious" and "[a] great deal of time and skill were employed." (*Id.*) He asserts "mischaracterizations" of the facts alleged, "demonstrates [the] Magistrate's bias." (*Id.* at 2-3) Further, he contends the Court failed to consider that he is a pro se litigant, and to "consider all pleadings in a favourable light." (*Id.* at 4) Thus, Plaintiff argues the order denying his request to seal demonstrates "an underlying bias that Plaintiff is prone to hyperbole and [his] civil rights claims are exaggerated." (*Id.* at 5)

Significantly, as noted above, disagreement with the prior order of the Court is not sufficient to support Plaintiff's motion for disqualification. The legal standards governing his request for the action to be sealed were explained, as were both the procedural and substantive deficiencies of the motion. (*See* Doc. 4) Further, his assertions that he did not use the word "image" in his complaint and the magistrate judge mischaracterized his allegations is clearly contradicted by the record, as Plaintiff alleged his "home contained hate based and obscene *images*." (Doc. 1 at 6) As a result, the record does not support a conclusion that a reasonable person would believe the magistrate judge has exhibited bias in the action.

**C. Conclusion**

Plaintiff has not identified any "extra-judicial source" for the alleged bias, and the order denying the motion to seal the action alone does not support his motion for disqualification. Therefore, Plaintiff's motion for disqualification is **DENIED**.

## II. Sufficiency of the Complaint

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).

### A. General Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

### B. Heightened Pleading Standards

When the complaint asserts that the defendants engaged in "a unified course of fraudulent conduct" and relies upon that conduct to support a claim, the claim is "grounded in fraud" and must satisfy the particularity requirement of Rule 9. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). The heightened pleading standards apply even where fraud is not an element of a claim. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). Rule 9(b) requires the complaint to state "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The factual allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

The heightened pleading standard of Rule 9(b) requires that "[a] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004); *see also Kearns*, 567 F.3d at 1126 (the plaintiff must articulate the "who, what, when, where, and how" of the fraud alleged"). Only factual allegations, rather than mere conclusions satisfy this pleading burden. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989). If the factual allegations do not meet the heightened pleading standard, the "averments . . . should be disregarded, or stripped from the claim for failure to satisfy Rule 9(b)." *Kearns*, 567 F.3d at 1124 (quotations omitted).

### C. Plaintiff's Allegations

Plaintiff contends that he, "relying upon the venerable Keller Williams name as a quality firm, expended $200,000.00 purchasing a home in a subdivision named for the founder of the KKK." (Doc. 1 at 3) Likewise, Plaintiff contends he relied upon the reputation of W.R. Starkey, the mortgage banker, "as a quality firm" when purchasing the home. (*Id.* at 8) According to Plaintiff, the defendants "owed plaintiff a duty to inform plaintiff the home was in a subdivision named for the founder of an infamous hate group," and "breached this duty." (*Id.* at 6; *see also id.* at 9)

Further, he asserts that with the assistance the defendants, the seller of the home "concealed hate based and obscene images of a criminal nature in the artwork of the home's fireplace mantle, making the home unsuitable for habitation and injurious to plaintiff and plaintiff's interracial family."[2] (Doc. 1 at 3, 7) He alleges, "The presence of these extreme images in plaintiff's home was intended to and did in fact cause the destruction of plaintiff's marriage one year after moving into the home." (*Id.* at 5) Further, Plaintiff contends the images caused him "severe emotional distress." (*Id.* at 6)

Plaintiff contends his mortgage was purchased by defendant Bank of America NA, which "put the home into foreclosure." (Doc. 1 at 13) Plaintiff asserts the home was foreclosed upon after he notified Bank of America "about the presence of hate based and obscene images of a criminal nature" in the home. (*Id.*) Plaintiff alleges that Bank of America used Rubin Lublin TN, PLLC to "put [the] home up for auction to collect the debt," with the images remaining inside. (*Id.* at 13-14, 18)

**C.     Discussion and Analysis**

Based upon the foregoing facts, Plaintiff contends the defendants are liable for civil rights violations arising under federal and state law, deceit, negligent misrepresentation, constructive fraud, negligence, loss of consortium, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, breach of the covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act. (*See generally* Doc. 1)

    1.     Venue[3]

As an initial matter, based upon the facts alleged, the Court is unable to determine whether the Eastern District of California is the proper venue for Plaintiff's claims. An appropriate venue is a judicial district: (1) in which "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) in which "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) if venue is improper in any other district, in which "any defendant is subject to the court's personal jurisdiction…" 28 U.S.C. § 1391(b). If the court determines a plaintiff has selected an improper venue, it may either dismiss or transfer the case to a proper venue. 28 U.S.C. § 1406.

---

[2] Although Plaintiff repeats this phrase throughout the Complaint, he does not identify what the images are of, or explain why he believes the images are "criminal" in nature.

[3] The Court has the authority to raise the issue of venue sua sponte, and may dismiss a case without prejudice for the improper venue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding the district court did not err where it ordered the plaintiffs "to show cause why the complaint should not be dismissed for improper venue").

For defendants that are entities, residency is established for venue purposes "in any district where those defendants are subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2). Here, it does not appear that any of the entity defendants "reside" within the Eastern District of California, or even within the state. Further, it appears the events giving rise to Plaintiff's claims occurred in the state of Tennessee. Accordingly, it does not appear the action has been filed in the proper venue. Nevertheless, for purposes of reviewing the sufficiency of the complaint, the Court will assume the venue is proper and apply California law to the state law claims identified in the Complaint.

### 2. Civil rights violations

Plaintiff contends the defendants are liable for civil rights violations arising under both federal and state law, asserting the defendants "caused harm to plaintiff due to plaintiff's race." (*See* Doc. 1 at 3, 7, 13) The Court addresses each provision identified by Plaintiff in turn.

#### a. 42 U.S.C. § 1982

Plaintiff contends defendants Keller Williams Realty; W.R. Starkey Mortgage LLP; Bank of America; Rubin Lubin TN, PLLC; and Rubin Lulblin LLC are liable for violating 42 U.S.C. § 1982. (Doc. 1 at 3, 7, 12-13, 17, 21) In relevant part, 42 U.S.C. § 1982 provides that all citizens: "shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." To state a cognizable claim under Section 1982, "plaintiff must allege that (1) he is a member of a racial minority; (2) he applied for and was qualified to rent or purchase certain property or housing; (3) he was rejected; and (4) the housing or rental opportunity remained available thereafter." *McGee v. California,* 2017 U.S. Dist. LEXIS 30635, (E.D. Cal. Mar. 2, 2017) (citing *Phifer v. Proud Parrot Motor Hotel, Inc*., 648 F.2d 548, 551 (9th Cir. 1980))

Plaintiff contends the defendants discriminated against him "due to [his] race," but does not identify his race, such that the Court can conclude his is a racial minority. Further, Plaintiff clearly alleges that he did, in fact, purchase the home in issue. (*See, e.g.*, Doc. 1 at 3) Consequently, Plaintiff fails to state a cognizable claim for a civil rights violation under 42 U.S.C. § 1982, and this claim is **DISMISSED**.

///

### b. 42 U.S.C. § 3601, *et seq.*

Plaintiff alleges defendants Keller Williams Realty; W.R. Starkey Mortgage LLP; Bank of America; Rubin Lubin TN, PLLC; and Rubin Lulblin LLC are liable for violating the Fair Housing Act ("FHA") as set forth in 42 U.S.C. § 1982. (Doc. 1 at 3, 7, 12-13, 17, 21)

The goal of the FHA "to provide, within constitutional limits, for fair housing throughout the United States." 42 U.S.C. S 3601. As a result, "home sellers and landlords" are prohibited "from discriminating on the basis of race, religion, national origin, or… gender." *Taylor v. Rancho Santa Barbara*, 206 F.3d 932, 934 (9th Cir. 2000). Prohibited discriminatory housing practices include:

> (1) making dwellings unavailable based on race, etc., [42 U.S.C.] § 3604(a); (2) discriminating in the terms of sale or rental of a dwelling based on race, etc., *id.* § 3604(b); (3) printing or publishing advertisements or notices with respect to the sale or rental of a dwelling indicating any preference, limitation, or discrimination based on race, color, religion, sex or national origin, *id.* § 3604(c); and (4) coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, any right granted or protected by section 3604. *Id.* § 3617.

*Gibson v. County of Riverside*, 181 F. Supp. 2d 1057, 1075 (C.D. Cal. 2002).

Notably, it does not appear that any of the defendants were the seller of the home. Further, the facts alleged fail to support the conclusion that any of the defendants engaged in discriminatory housing practices in violation of the FHA. The purchase of the home was not prohibited due to Plaintiff's race, and there is no evidence that the terms of the sale were affected by his race. Plaintiff does not identify any coercive, "intimidating, threatening or interfering" action taken by an agent or representative of the defendants leading to his purchase of the home. Moreover, though he asserts that they had a duty to notify him of the images, he fails to allege how they knew of them. If they were obvious and notorious, he fails to explain why, what was obvious to the defendants, was not obvious to him. Therefore, Plaintiff's claim for violations of the FHA is not supported by the facts alleged, and the claim is **DISMISSED**.

### c. Cal. Gov't Code § 12900, *et seq.*

According to Plaintiff, defendants Keller Williams Realty; W.R. Starkey Mortgage LLP; Bank of America; Rubin Lubin TN, PLLC; and Rubin Lublin LLC are liable for violating the California Fair Employment and Housing Act, as set forth in Cal. Gov't Code § 12900, *et seq.* (Doc. 1 at 3, 7, 12-13, 17, 21)

Significantly, it appears that at the time of the events identified in the complaint, Plaintiff was not a resident of the state of California, and the events related to the sales—both to Plaintiff and at auction following foreclosure— occurred in the state of Tennessee. (*See* Doc. 1 at 3) To state a claim for a violation of the *California* Fair Employment and Housing Act, "a plaintiff must sufficiently allege the tortious conduct occurred in the state of California." *Rulenz v. Ford Motor Co.,* 2013 WL 2181241 at *3 (S.D. Cal. May 20, 2013); *see also Gonsalves v. Infosys Tech., LTD.,* 2010 WL 1854146 at *6 (N.D. Cal. May 6, 2010) (a plaintiff must allege "a factual nexus between … California-based activities and the alleged discriminatory conduct"). Because there are no facts alleged supporting a conclusion that the defendants engaged in tortious conduct, directed toward Plaintiff, in the state of California, Plaintiff's claim for a violation of Cal. Gov't Code § 12900 is not cognizable, and is **DISMISSED**.

### d. Cal. Civ. Code § 51

Plaintiff contends each of the defendants are liable for violations for Cal. Civ. Code § 51. (Doc. 1 at 3, 7, 12-13, 17, 21) California's Unruh Civil Rights Act, as set forth in Cal. Civ. Code § 51, prohibits a "business establishment" from discriminating against "persons within the jurisdiction of this state" based upon "their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation." Cal. Civ. Code § 51(a). To state a cognizable claim for a violation of the Unruh Civil Rights Act, a plaintiff must allege "*intentional* discrimination." *Cohn v. Corinthian Colleges, Inc.*, 169 Cal. App. 4th 523, 526 (2008) (citation omitted, emphasis in original)

As discussed above, Plaintiff fails to allege facts sufficient to support the conclusion that he was a person within the jurisdiction of the state of California at the time the events occurred. Further, there are no facts alleged that support a conclusion that the defendants engaged in intentionally discriminatory actions against Plaintiff on the basis of his race. Consequently, Plaintiff's claim for violations of California's Unruh Civil Rights Act is **DISMISSED**.

### 3. Deceit/ fraud[4]

Plaintiff alleges defendants Keller Williams Realty and W.R. Starkey are liable for deceit.

---

[4] State law "uses the words fraud and deceit interchangeably." *Gilmore v. Wells Fargo Bank N.A.*, 75 F. Supp. 3d 1255, 1271 (N.D. Cal. 2014).

9

(Doc. 1 at 3, 8) Under state law, "[t]he elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). In stating a claim for deceit, a plaintiff must allege facts "with sufficient particularity to satisfy the heightened pleading requirement of Rule 9(b)." *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1121 (E.D. Cal. 2009).

Plaintiff contends that "[t]he seller, with the foreknowledge and assistance of" Keller Williams Realty and W.R. Starkey, "concealed hate based and obscene images of a criminal nature in the artwork of the home's fireplace mantle." (Doc. 1 at 3, 8) Plaintiff asserts the defendants "maliciously suppressed this fact." (*Id.*) According to Plaintiff, Keller Williams Realty informed Plaintiff that "the home was 'perfect' for plaintiff," while W.R. Starkey stated "the home was 'just right' for [him]." (*Id.*) Plaintiff contends he relied upon the representations of Keller Williams and W.R. Starkey "to [his] detriment." (*Id.*) Significantly, even assuming the truth of these allegations, Plaintiff fails to satisfy the pleading requirements of Rule 9.

"For corporate defendants, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011). Plaintiff does not allege when the statements were made, or that the individuals with whom he spoke at Keller Williams Realty and W.R. Starkey had authority to speak on behalf of the entities. There is no indication that the people with whom Plaintiff spoke acted in a manner intended to deceive Plaintiff in describing the home as "perfect" and "just right." Finally, there are no facts supporting the conclusion the statements caused Plaintiff to purchase the house, or that his reliance was justifiable, such that it was "*reasonable* for plaintiff to accept [the] statements without an independent inquiry or investigation." *See Mirkin v. Wasserman*, 12 Cal. App. 4th 927, 944 (1991)

Without further factual allegations, the Court is unable to find that Plaintiff meets the heightened pleading requirements under Rule 9 for a claim sounding in fraud. *See Kerns*, 567 F.3d at 1124; *see also Edwards,* 356 F.3d at 1066 (explaining a plaintiff must identify "the time, place, and specific content of the false representations as well as the identities of the parties to the

misrepresentation"). Therefore, Plaintiff's claim for deceit against Keller Williams Realty and W.R. Starkey is **DISMISSED**.

### 4. Negligent misrepresentation

The elements of a cause of action for negligent misrepresentation are the same as those of a claim for fraud, except "negligent misrepresentation does not require scienter or intent to defraud." *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173 (2003). Thus, to state a cognizable claim for negligent misrepresentation, a plaintiff must allege "a misrepresentation of fact by a person who has no reasonable grounds for believing it to be true." *Chapman v. Skype Inc.*, 220 Cal.App.4th 217, 230-31 (2013). Like a claim for intentional misrepresentation, a claim for "negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1166 (N.D. Cal. 2011).

Plaintiff contends Keller Williams Realty and W.R. Starkey are liable for negligent misrepresentation because they had "no reasonable ground for declaring a home in a subdivision named for the founder of an infamous hate group was 'perfect' [and 'just right'] for plaintiff." (Doc. 1 at 4, 8) However, as discussed above, Plaintiff fails to allege facts sufficient to support a conclusion that he relied upon the representations made by individuals employed by Keller Williams Realty and W.R. Starkey when purchasing the home. Likewise, given the name of the subdivision appears to have been known to the plaintiff before he purchased the home, he fails to explain why, though he failed to appreciate the significance of this name, the defendants should have and did appreciate its significance.

"Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." *Goehring v. Chapman University*, 121 Cal. App. 4th 353, 369 (2004). Because there are no facts supporting a conclusion that the statements that the home was perfect and just right—or the failure to identify the origin of the name of the housing subdivision—was the "immediate cause" of Plaintiff's decision to purchase the home, Plaintiff fails to allege facts sufficient to satisfy the pleading requirements of Rule 9(b) or establish the elements of the claim. Therefore, Plaintiff's claim for negligent misrepresentation is **DISMISSED**.

### 5. Negligence

Plaintiff asserts the claim of negligence against each of the defendants, for differing reasons. (*See* Doc. 1 at 4-5, 9-1014, 19, 21) To state a cognizable claim for negligence against each defendant, Plaintiff "must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). Thus, to prevail in an action for negligence, the plaintiff must show that the defendant owed a duty *to the plaintiff*." *John B. v. Superior Court*, 38 Cal. 4th 1177, 1188, 45 Cal. Rptr. 3d 316, 137 P.3d 153 (2006) (emphasis added).

#### i. Claim against Keller Williams Realty

Plaintiff contends Keller Williams Realty had "a duty to notify plaintiff the subdivision was named for the founder of an infamous hate group." (Doc. 1 at 5) In addition, Plaintiff asserts the realty had "a duty to sell plaintiff a home free of hate based and obscene images of a criminal nature." (*Id.*)

Significantly, the Court has not found any cases imposing the duty upon a realty company to identify the origin of the name of a housing subdivision to a potential home purchaser. Further, there is no duty to sell a home free of specific images. Regardless, even assuming Keller Williams Realty owed these duties to Plaintiff, he fails to allege facts sufficient to support a determination that breaches of the duties caused him damages.

#### ii. Claim against W.R. Starkey

Plaintiff alleges the mortgage banker, W.R. Starkey, also had a duty to identify the origin of the subdivision name. (Doc. 1 at 9) According to Plaintiff, the mortgage banker "had a duty to provide plaintiff a mortgage on a home free of hate based on obscene images of a criminal nature." (*Id.*)

Importantly, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assoc.*, 231 Cal. App. 3d 1089, 1096 (1991). A financial entity's liability to a borrower for negligence arises only under special circumstances, such as "when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." *Id.* (quotations omitted). The Ninth Circuit explained, "Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstance or a finding that a joint

venture exists." *Resolution Trust Corp. v. BVS Dev., Inc.*, 42 F.3d 1206, 1214 (9th Cir. 1994).

The facts alleged by Plaintiff do not support a conclusion that W.R. Starkey owed Plaintiff any duty other than those related to the financing of the purchase, or beyond "the scope of its conventional role" as a mortgage banker. Because Plaintiff fails to identify a legal duty owed by the mortgage banker, the claim for negligence against W.R. Starkey is not cognizable.

### iii. Claim against Bank of America NA

Plaintiff contends defendant Bank of America NA had "a duty to examine the formation of the mortgage defendant acquired from W.R. Starkey upon being put on notice" of the images in Plaintiff's home. (Doc. 1 at 13-14) He also alleges Bank of America had a "duty to rescind upon being put on notice as to the hate based nature of the mortgage defendant acquired." (*Id.*)

However, as with the claim against the original mortgage banker, Plaintiff fails to allege facts supporting a conclusion that Bank of America acted in any manner exceeding "the scope of its conventional role," such that it owed any duty to Plaintiff that was not set forth in the mortgage agreement. Consequently, the Court finds Plaintiff fails to state a claim for negligence against Bank of America for negligence based upon the facts alleged.

### iv. Claim against Rubin Lublin TN, PLLC and

According to Plaintiff, prior to conducting the foreclosure sale, Rubin Lublin TN, PLLC and Rubin Lublin LLC had a duty to not perform the foreclosure auction because "malfeasance was alleged to be at the core of the matter," given the subdivision in which the home was located. (Doc. 1 at 19) Quite simply, there was no such legal duty to Plaintiff, and he fails to state a claim for negligence against entities that conducted the foreclosure sale.

### v. Conclusion

Plaintiff fails to identify any legal duty owed to him by the realty company, mortgage bankers, or the companies that performed the foreclosure sale. As a result, his claim for negligence is not cognizable, and is **DISMISSED**.

### 6. Loss of consortium

The underlying purpose of a claim for loss of consortium "is to compensate for the loss of [ ] companionship, affection and sexual enjoyment of one's spouse." *Molien v. Kaiser Found. Hospitals*,
13

27 Cal. 3d 916, 932 (1980) (citation omitted). To state a claim for loss of consortium, a "marital spouse must allege that *their partner suffered an injury* that is 'sufficiently serious and disabling to raise the inference that the conjugal relationship is more than superficially or temporarily impaired.'" *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1039 (9th Cir. 2008), quoting *Molien*, 27 Cal. 3d at 932-33 (emphasis added); *see also Zwicker v. Altamont Emergency Room Physicians Medical Group,* 98 Cal. App. 4th 26, 31 (2001) (an individual "whose spouse has been injured by the negligence of a third party may recover for loss of 'consortium" [internal quotation marks omitted]). Because Plaintiff fails to identify any injury suffered by his former spouse, he fails to state a cognizable claim for loss of consortium, and this claim is **DISMISSED**.

### 7. Intentional infliction of emotional distress

Plaintiff alleges each of the defendants are liable for intentional infliction of emotional distress. (Doc. 1 at 5, 10, 14-15, 20-21) To state a cognizable claim for intentional infliction of emotional distress, Plaintiff must establish: (1) outrageous conduct by the defendants, (2) who intended to cause or recklessly disregarded of the probability of causing emotional distress, (3) and the defendants' actions were the actual and proximate cause (4) of the Plaintiff's severe emotional suffering. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004), citing *Brooks v. United States*, 29 F. Supp. 2d 613, 617 (N.D. Cal. 1998). Outrageous conduct is demonstrated when a "defendant's conduct was 'so extreme as to exceed all bounds of that usually tolerated in a civilized society.'" *Van Horn v. Hornbeak*, 2009 U.S. Dist. LEXIS 16134, at *8 (E.D. Cal. Feb. 18, 2009), quoting *Ricard v. Pacific Indemnity Co.*, 132 Cal. App. 3d 886, 895 (1982).

Plaintiff has not alleged facts that support the conclusion that the defendants engaged in "outrageous conduct" in the sale or foreclosure of the house. Indeed, the name of the subdivision in which Plaintiff purchased a home is likely public information—although he has not identified the subdivision in his complaint—and minimal research could reveal information regarding the person for whom it was named. In addition, it strains credulity that the realty company— and particularly the mortgage banker— took action to conceal images in the mantle of the home. Moreover, the act of foreclosing upon a home, in general, "is not the kind of extreme conduct that supports an intentional infliction of emotional distress claim. *Quinteros v. Aurora Loan Servs*., 740 F. Supp. 2d 1163, 1172

(E.D. Cal. 2010) (citations omitted).

Because Plaintiff fails to allege facts that support a conclusion that any of the identified defendants engaged in outrageous conduct, he fails to state a claim for intentional infliction of emotional distress. Therefore, the claim is **DISMISSED**.

### 8. Negligent infliction of emotional distress

Under state law, "the negligent causing of emotional distress is not an independent tort, but the tort of negligence." *Burgess v. Superior Court*, 2 Cal. 4th 1064, 9 Cal. Rptr. 2d 615, 831 P.2d 1197, 1200 (Ct. App. 1992). A claim of negligent infliction of emotional distress "contains the traditional elements of duty, breach, causation and damages." *Jacoves v. United Merchandising Corp.*, 9 Cal. App.4th 88, 106 (Ct. App. 1992). As discussed above, Plaintiff failed to identify legal duties owed by the defendants, and failed to state a cognizable claim for negligence. Likewise, his claim for negligent infliction of emotional distress is not cognizable and is **DISMISSSED**.

### 9. Breach of contract

A claim for breach of contract arises under state law, and a plaintiff must allege (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendants, and (4) resulting damages. *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 316 Fed. App'x 661, 662 (9th Cir. 2009) (citing *First Comm. Mort. Co. v. Reece*, 89 Cal. App. 4th 731, 108 Cal. Rptr. 2d 23, 33 (Ct. App. 2001)); *see also Haberbush v. Clark Oil Trading Co.*, 33 Fed. App'x 896, 898 (9th Cir. 2002) (identifying "agreement, consideration, performance by plaintiff, breach by defendant, and damages" as elements to a breach of contract).

Notably, here, Plaintiff alleges that he was a "nonsignatory" to the agreement with W.R. Starkey to finance the house, though "plaintiff's monies would be used to form the mortgage contract." (Doc. 1 at 11) Further, an exhibit attached to the complaint identifies "Arlene Valente" as the borrower, not Plaintiff. (*Id.*) Plaintiff does not identify a specific contract with any defendant to which he was a party, and does not assert that he performed all the obligations as a purchaser. To the contrary, it appears he did not make payments as the home was foreclosed upon by Bank of America. Because the facts alleged do not support a claim for breach of contract, this claim is **DISMISSED**.

///

10. Breach of the implied warranty of good faith and fair dealing

California law recognizes that in general, "every contract . . . imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008)(quotations and citations omitted). "[T]he covenant is implied as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Id.* at 806 (quoting *Racine & Laramie, Ltd. v. Dept. of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031 (1992)). Because the covenant is a supplement, a cause of action for breach of the implied covenant of good faith and fair dealing flows from the existence of a contract. *Tilbury Constructors, Inc. v. State Comp. Ins. Fund*, 137 Cal.App.4th 466, 474 (2006).

"In California, the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (citing Judicial Council of California Civil Jury Instruction 325). Further, the Ninth Circuit has determined "no cause of action for the tortuous breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) (quoting *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal.App.3d 726, 730 (1989)).

"Importantly, to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff *must identify the specific contractual provision that was frustrated.*" *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1191 (N.D. Cal. 2012) (emphasis added). As a result, a plaintiff fails to state a claim for a breach of the implied covenant where he fails to "allege[] what contract forms the basis of his claim" or "identif[y] any express provision which has been frustrated." *Lingad v. IndyMac Fed. Bank*, 682 F. Supp. 2d 1142, 1154 (E.D. Cal. 2010). As discussed above, it is not clear that Plaintiff entered into a contract with any of the defendants, and it follows that Plaintiff fails to identify a specific contractual provision that was frustrated by the defendants. Further, Plaintiff has not alleged

facts supporting the conclusion that he had a fiduciary relationship with any defendants.

Because Plaintiff fails to allege facts sufficient to support a claim for a breach of the implied covenant of good faith and fair dealing, this claim is **DISMISSED**.

### 11. Violation(s) of 15 U.S.C. § 1692

Under the provisions of the Fair Debt Collection Practices Act ("FDCPA"), debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). To establish a violation of the FDCPA, Plaintiff must show: (1) he was a consumer (2) who was the object of a collection activity arising from a consumer debt, and (3) a defendant is a "debt collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA. *Miranda v. Law Office of D. Scott Carruthers*, 2011 WL 2037556, at *4 (E.D. Cal. May 23, 2011) (citing *Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004)).

In this case, it is unclear which provision of the FDCPA Plaintiff asserts the defendants violated, but it appears he may be attempting to state a claim under Section 1692g(b), because Plaintiff alleges he disputed the debt. (*See* Doc. 1 at 13-14) Under Section 1692g(b), when "a consumer notifies the debt collector in writing within the thirty-day period … that the debt, or any portion thereof, is disputed... the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment . . . ." 15 U.S.C. § 1692g(b). A copy of the verification by the debt collector must be "mailed to the consumer by the debt collector." *Id.*

Plaintiff contends he "disput[ed] the debt by notifying defendant Bank of America NA about the presence of hate based and obscene images" in his home. (Doc. 1 at 13) Plaintiff fails to allege, however, that he disputed the debt within thirty days of being notified of Bank of America's intent to collect upon his debt. Further, the facts alleged to not support the conclusion that Plaintiff disputed that he was the debtor. Instead, it appears Plaintiff merely asserted he believed he did not have to pay the loan in light of the images he believed were hateful and obscene in the home. Regardless, Plaintiff also fails to allege whether or not Bank of America provided verification of the debt prior to proceeding with the foreclosure through Rubin Lublin TN, PLLC. As the Ninth Circuit observed, "verification of a

debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1173-74 (9th Cir. 2006). Therefore, the Court is unable to find the facts alleged support a claim for a violation of the FDCPA, and this claim is **DISMISSED**.

### III.     Conclusion

Plaintiff has not provided sufficient facts sufficient to support his claims. However, deficiencies identified in this order may be cured if Plaintiff provides additional facts to support his claims. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a pro se complaint without leave to amend for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts alleged, and that an opportunity to amend would be futile).

Plaintiff will be given **one final** opportunity to file an amended complaint curing the deficiencies identified in this order. The amended complaint must bear the docket number assigned this case and must be entitled "First Amended Complaint." Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d at 1474; *King v. Atiyeh*, 814 F.2d at 567. Thus, after the First Amended Complaint is filed, the prior pleadings no longer serve any function in the case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Further, as discussed above, Plaintiff failed to allege facts sufficient to support the conclusion that the Eastern District of California is the proper venue for this action. Accordingly, in amending the complaint, Plaintiff **SHALL** demonstrate the Eastern District of California is the proper venue. If Plaintiff fails to allege facts sufficient to support a determination that this is the proper venue, the action will be dismissed without prejudice. *See* 28 U.S.C. § 1406. Based upon the foregoing, the Court **ORDERS**:

1.      Plaintiff's motion to disqualify (Doc. 4) is **DENIED**;

2.      Plaintiff's complaint is **DISMISSED** with leave to amend; and

3.      Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**If Plaintiff fails to file an amended complaint, the action may be dismissed for failure to**

**prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

    Dated: **September 8, 2017**             **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE