# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VALENTE, | Case No.: 1:17-cv-00218-LJO-JLT |
| Plaintiff, | ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS |
| v. | (Doc. 8) |
| KELLER WILLIAMS REALTY, INC., et al., | ORDER DENYING PLAINTIFF'S SECOND MOTION TO DISQUALIFY |
| Defendants. | (Doc. 7) |

Robert Valente alleges many entities are liable for civil rights violations, deceit, negligent misrepresentation, constructive fraud, negligence, loss of consortium, intentional infliction of emotional distress, and negligent infliction of emotional distress related to the purchase of a home in Tennessee. Plaintiff seeks the disqualification of the magistrate judge (Doc. 7) and a stay of the action "pending the resolution of the plaintiff's petition for writ of mandamus" before the United States Court of Appeals for the Ninth Circuit in Case No. 17-72267. (Doc. 8) For the following reasons, Plaintiff's motion to stay is **DENIED** as moot, and the request for disqualification is **DENIED**.

## I.     Background

Plaintiff initiated this action by filing a complaint on February 15, 2017, which was accompanied by a motion to seal the complaint. (Docs. 1-2) Plaintiff's requested to seal his "personal information, plaintiff's ex-wife's personal information and plaintiff's family's personal information" and any additional information that would reveal his identity. (Doc. 2) The Court denied the motion,

1

finding the request to seal relied only upon generalized fear and that Plaintiff failed to comply with the requirement of Local Rule 141 to identify legal authority supporting his assertion that the information should be shielded from public view. (Doc. 3 at 2-3)

Shortly after the Court issued its order denying the motion to seal, Plaintiff filed a motion to disqualify the assigned magistrate judge. (Doc. 4) On August 11, 2017, Plaintiff filed a petition for writ of mandamus with the Ninth Circuit, seeking a writ "disqualifying the trial court under 28 U.S.C. § 455(a) for the appearance of inappropriate bias in the court's order of February 21, 2017 denying Plaintiff's Motion to Seal." (Case No. 17-72267, Doc. 1-2 at 4) The Court issued an order denying Plaintiff's motion to disqualify the magistrate judge on September 6, 2017. (Doc. 6) Plaintiff then filed an addendum to his petition for a writ before the Ninth Circuit concerning the denial of his motion to disqualify, and filed a second motion to disqualify the magistrate judge with this Court. (Doc. 7) In addition, on October 6, 2017, Plaintiff filed a motion to stay these proceedings pending the decision by the Ninth Circuit. (Doc. 8) On October 12, 2017, the Ninth Circuit denied Plaintiff's petition for a writ of mandamus and closed the case.

## II. Motion to Stay

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). A party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The decision whether to grant or deny a stay is committed to the Court's discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Plaintiff requested a stay of the action "pending the resolution of the plaintiff's petition for writ of mandamus" before the United States Court of Appeals for the Ninth Circuit in Case No. 17-72267. (Doc. 8 at 1) Plaintiff asserted the stay would "aid the just and efficient resolution of the proceedings before the Court." (*Id.*) Notably, the Ninth Circuit issued its ruling denying the petition on October 12, 2017. Because Plaintiff offers no other reason for seeking the stay and the Ninth Circuit has addressed his petition, the request for a stay is **DENIED** as moot.

### III. Motion to Disqualify

#### A. Legal Standards

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition, a magistrate judge "shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>> (ii) Is acting as a lawyer in the proceeding;
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

28 U.S.C.§ 455(b). Thus, "Section 455(a) covers circumstances that *appear* to create a conflict of interest, whether or not there is actual bias," while "Section covers situations in which an *actual* conflict of interest exists, even if there is no appearance of one." *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987) (emphasis in original, citations omitted).

The purpose of Section 455 is "to avoid even the appearance of partiality." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (citation omitted). Thus, the standard for disqualification "is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation marks, citations omitted). The "reasonable person" is a "well-

informed, thoughtful observer" and not an individual who is "hypersensitive or unduly suspicious." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotations omitted).

Furthermore, disqualification pursuant to 28 U.S.C. § 455 is required only if the alleged bias stems "from an extra-judicial source." *Toth v. Trans World Airlines, Inc.,* 862 F.2d 1381 (9th Cir. 1988). Thus, "conduct or rulings made during the course of the proceeding" alone will not support a motion to disqualify." *Id.*; *see also Liteky v. United States,* 510 U.S. 540, 553 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, because "they cannot possibly show reliance upon an extrajudicial source").

### B. Discussion and Analysis

Plaintiff seeks recusal based upon the Court's prior orders denying the motion to seal the action and denying the prior request for recusal. (Doc. 7 at 2) Plaintiff asserts the magistrate judge erred in evaluating his motion to seal by "removing the key word from a motion to seal and gratuitously depicting the plaintiff and the plaintiff's civil rights claims as delusional as an unintentional occurrence." (*Id.*) Plaintiff contends the Court's prior denial of his request for disqualification demonstrates "a glaringly discernible extrajudicial source of bias." (*Id.* at 3) Further, Plaintiff contends there is "clearly discernible extrajudicial source [of bias]: protecting itself from civil liability for the apparent defamation of an aggrieved civil rights plaintiff." (*Id.* at 4)

Significantly, as noted above, disagreement with the prior orders of the Court—including its explanation of the law and findings— is not sufficient to support a motion for disqualification under Section 455(a). The legal standards governing his request for the action to be sealed were explained, as were both the procedural and substantive deficiencies of the motion. (*See* Doc. 4) Further, his assertions that he did not use the word "image" in his complaint and the magistrate judge mischaracterized his allegations is clearly contradicted by the record, as Plaintiff alleged his "home contained hate based and obscene *images*." (Doc. 1 at 6)

Moreover, despite Plaintiff's assertions to the contrary, the Court has not engaged in defamation or labeled Plaintiff as delusional. The Court has, as is its obligation in evaluating the sufficiency of the pleadings, assumed the truth of the allegations set forth by Plaintiff. (*See generally* Doc. 6 at 5-19) Despite the assumption of truth, the Court found the facts alleged were insufficient to support the

claims presented. (*Id.*) The Court set forth the legal standards to state each claim, identified the factual deficiencies of the pleadings, and granted Plaintiff an opportunity to cure the deficiencies by stating "additional facts to support his claims." (*See id.* at 19) Given the efforts undertaken by the Court to explain the legal requirements for each claim and how the pleadings could be cured, the analysis by the Court does not support a conclusion that a reasonable person would believe the magistrate judge has exhibited bias in the action.

### C. Conclusion

Plaintiff has not identified any "extra-judicial source" for the alleged bias, and the prior orders denying the motion to seal the action and denying disqualification do not support the request for disqualification under Section 455(a). Therefore, Plaintiff's second motion for disqualification is **DENIED**.

### IV. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to stay the proceedings (Doc. 8) is **DENIED** as moot;
2. Plaintiff's second motion for disqualification (Doc. 7) is **DENIED**; and
3. Plaintiff **SHALL** file an amended complaint as previously ordered no later than **October 25, 2017**.

**If Plaintiff fails to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order.**

IT IS SO ORDERED.

Dated: **October 12, 2017**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE