# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VALENTE,<br><br>  Plaintiff,<br><br>v.<br><br>KELLER WILLIAMS REALTY, INC., et al.,<br><br>  Defendants. | Case No.: 1:17-cv-00218-LJO-JLT<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER |

Robert Valente filed a Complaint in this case on February 15, 2017, alleging many entities are liable for civil rights violations, deceit, negligent misrepresentation, constructive fraud, negligence, loss of consortium, intentional infliction of emotional distress, and negligent infliction of emotional distress related to the purchase of a home in Tennessee. His Complaint was dismissed with leave to amend on September 8, 2017, and Plaintiff was given until October 8, 2017 to file an amended complaint. (Doc. 6.) The deadline for amendment was later extended to October 25, 2017. (Doc. 10 at 5.) Plaintiff was warned that if he "fails to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order." (*Id*.)

Instead of filing an amended complaint, on October 13, 2017, Plaintiff filed a motion to transfer venue to the Northern District of California in Oakland, arguing that the transfer is appropriate because, among other things, he has moved from within the Eastern District to Oakland. (Doc. 11.) On October 23, 2017, this Court denied without prejudice Plaintiff's motion to transfer

as "inappropriate under the circumstances because there is no operative, viable complaint in this case." (Doc. 12.) The Court explained that "[u]nless and until Plaintiff files a complaint that states viable claims, this Court will not consider transferring his case to another district." (*Id.*) Plaintiff was given until November 10, 2017 to file an amended complaint. He was specifically warned that if he "fails to file an amended complaint by the new deadline, this case will be dismissed without prejudice for failure to comply with a Court order." (*Id.*) The November 10, 2017 deadline has come and gone.

It is well established that a district court has the authority to dismiss an action because of a Plaintiff's failure to prosecute or to comply with court orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) (the court's authority to dismiss for failure to prosecute is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (recognizing that the district court may dismiss an action for failure to comply with a court order).

In determining whether to dismiss a case for failure to prosecute or to comply with court orders, a court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. Plaintiff has failed to respond to the Court's direct order to file an amended complaint. The third factor, the risk of prejudice to defendant, also weighs in favor of dismissal because "[t]he law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d at 1452 (*quoting Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). This presumption may be rebutted "if there is a showing that no actual prejudice occurred." *Id.* at 1452-53. However, Plaintiff offers no excuse or reason for the delay. The fourth factor—public policy favoring disposition of cases on their merits—does not outweigh Plaintiff's failure to file an amended complaint that attempts to state viable claims. Finally, a "court's warning

to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262 (quoting *Malone v. United States Postal Serv.*, 833 F.2d 128, 132-33 (9th Cir. 1987)). As mentioned, the Court specifically warned Plaintiff that if he "fails to file an amended complaint by the new deadline, this case will be dismissed without prejudice for failure to comply with a Court order." Accordingly, the "consideration of alternatives" requirement is satisfied. *Id*.

In sum, the above factors weigh in favor of dismissal for failure to prosecute and failure to comply with a Court order.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES without prejudice Plaintiff's claims for failure to prosecute and failure to comply with a Court order; and

2. DIRECTS the clerk to close this action.

IT IS SO ORDERED.

Dated: **November 16, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE